IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARBARA BETTS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-00645 |
| | § | |
| KROGER TEXAS L.P. | § | |
| Defendant. | § | JURY DEMANDED |

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas L.P. in the cause styled "*Barbara Betts v. Kroger Texas L.P.*," originally pending as Cause No. 096-334164-22 in the 96th Judicial District Court of Tarrant County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.[2]

Kroger Texas L.P. at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about July 17, 2020, while shopping in Defendant's store located at 1631 SW Wilshire Blvd., Burleson, Texas 76028, she slipped and fell on what she believes to be produce that had fallen on the floor and been squashed.[3] Plaintiff filed suit on June 21, 2022, in the 96th Judicial District Court of Tarrant County, Texas, alleging premises-liability and negligence-based causes of action against Defendant.[4]

---

[2] *See* Plaintiff's Original Petition. attached hereto as Exhibit 2, at p. 1, ¶ 2.

[3] *Id.* at p. 2, ¶ 5.

[4] *Id.* at p. 2-3, ¶ 6.

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.[5]  Specifically, Plaintiff seeks damages for past and future: (1) medical expenses, (2) physical pain and suffering, (3) mental anguish, (4) physical impairment, (5) disfigurement, and (6) lost wages.[6]  Plaintiff alleged damages in an amount more than $250,000 but not more than $1,000,000. As a result, the amount-in-controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[7]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[8]  Defendant first became aware this case was removable on or about June 28, 2022, when Defendant was served with Plaintiff's Original Petition.[9] Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in State court on June 21, 2022.[10]

---

[5]  *Id.* at p. 1, ¶ 1.

[6]  *Id.* at p. 3 – p. 4.

[7]  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[8]  28 U.S.C. § 1446(b).

[9]  See Service of Citation attached to Pl's Orig. Pet. (Exh. 2).

[10]  *See id*.

**VI.**
**VENUE**

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

**VII.**
**PROCEDURAL REQUIREMENTS**

Defendant filed with the Clerk of the 96th Judicial District Court of Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)     State court docket sheet (as of July 27, 2022);

(2)     Plaintiff's Original Petition (filed June 21, 2022) with Service of Citation (effectuated on June 28, 2022); and

(3)     Defendant Kroger Texas, L.P.'s Original Answer and Special Exception (filed July 14, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;

- Supplemental Civil Cover Sheet; and

- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Kroger Texas L.P. respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
*Attorney-In-Charge*
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Margaret M. Knott**
State Bar No. 15287250
mknott@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on July 27, 2022.

*/s/ B. Kyle Briscoe*

B. Kyle Briscoe

# EXHIBIT 1

Exhibit 1

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information          07/27/2022 10:07 AM

**Court :** 096 ⌄  **Case :** 334164  [Search]  [New Search]  ☐ Show Service Documents ONLY

**Cause Number : 096-334164-22**                **Date Filed : 06-21-2022**

BARBARA BETTS  **| VS |**  KROGER TEXAS, L.P.

**Cause of Action :** INJURY OR DAMAGE, PREMISES

**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 06-21-2022 | PLTF'S ORIG PET | N | | $350.00 | |
| 06-21-2022 | PAYMENT RECEIVED trans #1 | Y | | | $213.00 |
| 06-21-2022 | PAYMENT PAID TO STATE trans #1 | Y | | | $137.00 |
| 06-21-2022 | CIT-ISSUED ON KROGER TEXAS LP-On 06/22/2022 | N | Svc | $8.00 | |
| 06-21-2022 | PAYMENT RECEIVED trans #4 | Y | | | $8.00 |
| 06-21-2022 | LTR/WOLF REQ CIT BE EMAILED (DP 6/21/22 ER) | | | | $0.00 |
| 06-21-2022 | JURY REQUESTED | | | | $0.00 |
| 07-14-2022 | DEFN'S ORIG ANS (KROGER TEXAS LP) | | | | $0.00 |
| 07-15-2022 | CIT RTN (KROGER TEXAS LP) | | | | $0.00 |

| 07-15-2022 | CIT Tr# 4 RET EXEC(KROGER TEXAS LP) On 06/27/2022 | | | | $0.00 |

# EXHIBIT 2

Exhibit 2



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25156469**
**Date Processed: 07/02/2022**

| | |
|---|---|
| Primary Contact: | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| Entity: | Kroger Texas L.P.<br>Entity ID Number  2172000 |
| Entity Served: | Kroger Texas LP |
| Title of Action: | Barbara Betts vs. Kroger Texas, L.P. |
| Matter Name/ID: | Barbara Betts vs. Kroger Texas, L.P. (12514927) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Personal Injury |
| Court/Agency: | Tarrant County District Court, TX |
| Case/Reference No: | 096-334164-22 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 06/28/2022 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Wolf Law, PLLC<br>972-338-4477 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

| *CITATION* | *Cause No. 096-334164-22* |

BARBARA BETTS
VS.
KROGER TEXAS, L.P.

TO: KROGER TEXAS LP

B/S REG AGT/CSC-LAWYERS INCORPORATED 211 E 7TH ST STE 620 AUSTIN, TX 78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 96th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

BARBARA BETTS

Filed in said Court on June 21st, 2022 Against
KROGER TEXAS LP

For suit, said suit being numbered 096-334164-22 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### JULIE WOLF
Attorney for BARBARA BETTS Phone No. (972)338-4477
Address      12222 MERIT DR STE 1200 DALLAS, TX 75251

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 22nd day of June, 2022.

By _____ *Natalie Thigpen* _____

NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 06/22/2022
THOMAS A. WILDER
DISTRICT CLERK
Deputy COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM, on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

### Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *09633416422000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.


Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

## *CITATION*

Cause No. 096-334164-22

## BARBARA BETTS

### . VS.

## KROGER TEXAS, L.P.



### ISSUED

This 22nd day of June, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        NATALIE THIGPEN Deputy

JULIE WOLF
Attorney for: BARBARA BETTS
Phone No. (972)338-4477
ADDRESS: 12222 MERIT DR STE 1200

DALLAS, TX 75251

## *CIVIL LAW*



*0963341642200004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
· ORIGINAL

FILED
TARRANT COUNTY
6/21/2022 12:00 AM
THOMAS A. WILDER
DISTRICT CLERK

096-334164-22

CAUSE NO. _____

| | | |
|---|---|---|
| **BARBARA BETTS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **KROGER TEXAS, L.P.** | § | |
| *Defendant.* | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Barbara Betts, (hereinafter referred to as "Plaintiff"), who files this Plaintiff's Original Petition against Kroger Texas, L.P. (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

### I.     TEXAS RULE 47 DAMAGES STATEMENT

Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is more than $250,000 but not more than $1,000,000.00

Plaintiff submits this action under Discovery Control Plan II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II.     PARTIES AND SERVICE

Plaintiff is a resident of Tarrant County, Texas.

Defendant Kroger Texas, L.P. (hereinafter referred to as "Kroger") is a company doing

---

business in the State of Texas. Defendant may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporated located at 211 E. 7th Street Suite 620, Austin, Texas 78701. **Issuance of citation is requested at this time.**

### III.  JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant as Defendant performed work, and/or hired personnel to perform work in the State of Texas.

### IV.  VENUE

Venue is proper in Tarrant County, Texas, pursuant to 15.002(3) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Tarrant County, Texas.

### V.  FACTS

At all times relevant, Defendant was the possessor in control of the property and/or area where Plaintiff was injured located at 1631 SW Wilshire Blvd. Burleson, TX 76028. On July 17, 2020, Plaintiff was patronizing the Kroger, when she was walking and all of a sudden, she slipped and fell on what she believes to be produce that had fallen on the floor and been squashed. This fall caused Plaintiff significant personal injuries.

### VI.  NEGLIGENCE

Defendant was the owner, operator, and/or in control of the Kroger store where Plaintiff was injured. Plaintiff was an invitee at the time of the injury because she was a customer at Kroger. Since the business was open to the public, Defendant extended an invitation to Plaintiff. Defendant thus owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe condition. The condition of the premises posed an unreasonable risk of harm in that condition was

extremely dangerous. Defendant knew or reasonably should have known of the condition of the premises because it was there for a long enough time that a reasonable inspection would have revealed it.

At all relevant times Defendant was guilty of negligence towards Plaintiff in the following respects:

    a.   Failing to keep the premises in a reasonably safe condition for Plaintiff;

    b.   Failing to inspect the premises to discover the latent defect;

    c.   Creating an unreasonably dangerous condition on the premises;

    d.   Failure to provide warning of the condition by posting signage, a barrier, or other marker indicating the presence of danger; and

    e.   Failure to take any action to eliminate or reduce the unreasonable risk of danger presented by the condition.

Defendant's failure to use reasonable care was a proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII.   DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe injuries, for which Plaintiff required medical treatment and has incurred medical bills.  Plaintiff also suffered physical and mental pain, suffering, physical and mental impairment, disfigurement, depression, physical and mental disability, anguish, and loss of enjoyment of life.

In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her life.  Solely as a result of the injuries she sustained due to Defendant's conduct and/or omissions, Plaintiff has incurred doctor and medical expenses, and lost wages.  There is a more than reasonable probability that Plaintiff will incur additional expenses

for necessary medical care and attention in the future for the injuries she incurred in the incident in sums unknown at this time.  Plaintiff's compensatory damages specifically include, but are not limited to, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, disfigurement, and impairment, and other damages which Plaintiff has incurred due to Defendant's conduct.

## VIII.   NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a final judgment against Defendant for the following:

  a.  All reasonable and necessary past medical expenses;

  b.  A sum for future medical expenses and treatment in an amount to be determined at trial;

  c.  Monetary damages for past physical pain and suffering and mental anguish in an amount to be established at trial;

  d.  Monetary damages for future physical pain and suffering and mental anguish;

  e.  Past and future physical impairment as determined by a jury;

  f.  Past and future disfigurement;

  g.  Lost Wages;

  h.  Costs of Court;

i.   Pre-judgment interest on all damages awarded at the highest legal rate;

j.   Post-judgment interest on all sums awarded herein at the highest legal rate until paid; and

k.   Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.


Respectfully submitted,


**Wolf Law, PLLC**

By: _Julie Wolf_ _____
**Julie Wolf**
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*

---

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Julie Wolf on behalf of Julie Wolf
Bar No. 24051542
julie@wolflawpllc.com
Envelope ID: 65589230
Status as of 6/21/2022 8:09 AM CST

Associated Case Party: BARBARA BETTS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolf Law PLLC | | service@wolflawpllc.com | 6/20/2022 1:01:05 PM | SENT |

**LEGAL DOCUMENT MANAGEMENT**
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240

CERTIFIED MAIL

7022 0410 0000 1231 0269

**CORPORATION SERVICE COMPANY**
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701

# EXHIBIT 3

**Exhibit 3**

096-334164-22

FILED
TARRANT COUNTY
7/14/2022 3:08 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-334164-22

| | | |
|---|---|---|
| BARBARA BETTS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 96th JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS L.P., | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

---

### DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant Kroger Texas L.P. and files its Original Answer, and in support thereof, would respectfully show the Court as follows:

## I.
### GENERAL DENIAL

1.    Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

## II.
### DEFENSES

2.    Defendant specifically denies Plaintiff's claims that it was negligent and denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

3.    Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

4.    Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or

---

**DEFENDANT'S ORIGINAL ANSWER**                                                                **Page 1**

proximately causing or contributing to cause Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate cause of Plaintiff's damages or injuries, if any.

5.      Plaintiff's damages or injuries, if any, were likely caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

6.      Defendant owed no duty to warn or protect Plaintiff against the alleged hazard because it likely was already known to Plaintiff, was open and obvious, was not concealed, and/or was a commonly known hazard. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

7.      In the alternative, the accident complained of was an "unavoidable accident," as that term is defined under Texas law, not proximately caused by the negligence of any party.

8.      The damages about which Plaintiff complains, if any, may have been the result of prior or pre-existing or subsequent injuries, accidents and/or conditions, and such prior or pre-existing or subsequent injuries, accidents and/or conditions were the sole and/or a contributing cause of Plaintiff's claimed injuries and damages, if any.

9.      Plaintiff may have breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10.      Plaintiff may be malingering and/or exaggerating the nature and severity of the alleged injuries to inflate Plaintiff's alleged damages. Further, to the extent Plaintiff has been or is malingering and/or exaggerating the nature and severity of the alleged injuries in order to

continue treatment and thereby increase medical damages, Defendant contends said extended treatment is not medically necessary or reasonable.

11.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

12.     In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

13.     Any claims for medical or health care expenses incurred are limited to the usual and customary charges actually by or on behalf of Plaintiff for reasonable and necessary treatment, and, to the extent they relate to past medical charges, are limited to amounts actually paid or incurred pursuant to Texas Civil Practice and Remedies Code §41.0105.

14.     Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III.
### SPECIAL EXCEPTIONS

15.     Defendant objects and specially excepts to the section of Plaintiff's Original Petition, titled "Notice of Intent" (paragraph 8), which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, paragraph 8 states that "Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and

the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7."

However, Rule 193.7 requires that the party invoking Rule 193.7 provide "***actual notice*** that the

document ***will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for

objection to authenticity . . . does not run from the production of the material or information but

from the party's ***actual awareness that the document will be used***."[2]

    16.    Accordingly, it is clear that Rule 193.7 requires more than a mere blanket

statement that all documents produced in discovery will be authenticated against the producing

party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it

also places an unreasonable burden upon Defendant to review all documents it produces and

prophylactically render objections regarding the authenticity of said documents.

**IV.**

**COURT REPORTER REQUESTED**

    17.    Defendant respectfully demands a court reporter be present at all proceedings

before the Court.

**V.**
**PRAYER**

    WHEREFORE, PREMISES CONSIDERED, Defendant Kroger Texas L.P. respectfully prays that

Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs

---

[1]   Tex. R. Civ. P. 193.7 (2021) (emphasis added).

[2]   *Id.*, cmt. 7 (emphasis added).

expended on its behalf, and for such other and further relief to which Defendant may show itself

justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
*Attorney-In-Charge*
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Margaret M. Knott**
State Bar No._15287250
mknott@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on July 14, 2022.

/s/ B. Kyle Briscoe

B. Kyle Briscoe

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Remi DiMarco on behalf of Bryan Briscoe
Bar No. 24069421
rdimarco@peavlerbriscoe.com
Envelope ID: 66332570
Status as of 7/14/2022 3:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolf Law PLLC | | service@wolflawpllc.com | 7/14/2022 3:08:15 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 7/14/2022 3:08:15 PM | SENT |
| Margaret M. Knott | | mknott@peavlerbriscoe.com | 7/14/2022 3:08:15 PM | SENT |
| Erika Pina | | epina@peavlerbriscoe.com | 7/14/2022 3:08:15 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 7/14/2022 3:08:15 PM | SENT |
| Remigio DiMarco | | RDimarco@PeavlerBriscoe.com | 7/14/2022 3:08:15 PM | SENT |
| Julie Wolf | | julie@wolflawpllc.com | 7/14/2022 3:08:15 PM | ERROR |